No. 628

## STATE v. CHARLES

No. 19151. Supreme Court

On motion to file petition in error. Dock. May 16, 1925; 3 Abs. 330.

**940. POWERS—Is power of court to grant a commission to take positions mandatory or discretionary?**

Hunter Charles was indicted on a charge of mudrer while in the perpetration of a robbery. It was alleged that Charles and one, Beebe, conspired to rob one, John Johnson who lived as a recluse in the easterly side of Cleveland. It was alleged that Beebe engaged the victim in conversation, and Charls struck Johnson on the head with a hammer, from which injury he died.

The jury in Comm onPleas returned a verdict of guilty as charged and Charles was sentenced to be electrocuted on Jan. 29, 1925. A stay of execution was had, pending hearing in the Court of Appeals. That court reversed the judgment of the Common Pleas and further proceedings are now in the Supreme Court. Two questions are presented to this court:—

1. Are the provisions of 12668 GC. mandatory .

2. Did the court err in the instant case in refusing to grant a motion for the appointment of a commission to take depositions?

It is contended that the words "may grant commission" does not make the granting of the commission for taking depositions mandatory. It is claimed that it is purely discretionary with the court as to the advisability, by virtue of the language used in 13668 GC.

It is also urged that the trial court did not err in refusing to grant a commission to take a deposition sought by th edefense. "Discretion to grant commission to take depositions in a criminal prosecution, is reposed .in the trial court, and unless it clearly appears of record that the trial court discretion in refusing an application for such commission, a reviewing court will not reverse the order below. Yunker v. State, 28 OCA. 345.

**Attorneys**—E. C. Stanton, H. J. Williams, for State; Wm. Moran, for Charles; all of Cleveland.

---

No. 629

## ROYAL INDEM. CO v. DAY & MADDOCK CO.

No. 19105. Supreme Court

On motion to certify. Dock. April 25, 1925; 3 Abs. 278.

**1065. PUBLIC BUILDINGS—Are claims for the rental, repair and hauling of machinery, "labor and materials" within meaning of 2365-1 and 2365-2 GC?**

On Dec. 13, 1922 one, J. F. Hohloch entered into a contract with the Cleveland Board of Education for the erection of a school building and furnished bond with the Royal Indemnity Co. as surety, according to 2365-1 GC, et seq. Hohloch subsequently leased from the Day & Maddock Co. a concrete mixer, hoisting machine and certain other machinery for use in the erection, at an agreed rental per month and Hohloch further agreed to pay the necessary cost of repair and of cartage to deliver and return the machinery.

Hohloch defaulted on his contract with the Board of Education. The Day & Maddock Co. filed a statement of claim in the Cleveland Municipal Court to recover from the Indemnity Co. the rentals, repairs and drayage of the machinery.

The demurrer of the Indemnity Co. was sustained and the case was dismissed. Error was prosecuted and the Court of Appeals reversed the lower court and decided in favor of the Day & Maddock Co.

In bringing the case to the Supreme Court, Section 2365-1 GC. providing for the condition of the bond is set forth: "for payment by the contractors and by all subcontractors of all indebtedness which may accrue to any person, firm or corporation, on account of any labor furnished in the construction, erection, alteration or repair of such building works or improvements"; and the form of the bond under 2365-4 GC. "shall pay all lawful claims of subcontractors, material men and laborers for labor performed, materials furnished, etc. - -."

The Indemnity Co. claims that:

1. It is customarily assumed that the contractor will furnish his own tools and necessary implements with which to perform the work.

2. Sections 2365-1 and 2 GC. were enacted to protect those furnishing labor and material on a public job, since they had no right to a lien.

3. There must exist a privity between the Board of Education and the Day & Maddock Co. before that third party can have a right of action upon the promise in the bond. It is here contended that the furnishing alone of machinery to contractor, which machinery forms no part of improvement being constructed, shows no privity between person furnishing such machinery and the promisee, (Bd. of Education) in the public contract.

**Attorneys**—Baker, Hostetler & Sidlo for Indemnity Co; Thompson, Hine & Flory for Day & Maddock Co.; all of Cleveland.